The case for this morning is Pope v. Perdue. Yes, Mr. Lichtenberg. Mr. Lichtenberg, of course, we've had a blizzard of supplemental filings in this case, and actually I think the court was aware of Mr. Pope's release date. Are you prepared right now to talk about whether the fact that he's on supervised release is enough to keep this case alive, or would you like the opportunity to file a supplemental brief on that point? What would you like to do? Your Honor, I'm prepared to talk about that issue today. We would also like to file a supplemental brief within the time provided by the Federal Rules of Appellate Procedure. Yes, I think it's fine for us. I think it would be useful for the court to have supplemental briefs on this point, so we will order them. Thank you, Your Honor. For simultaneous filing by both sides. I think everybody understands perfectly well what the question is. Thank you, Your Honor. But you can say, feel free to say what you want to say here, too. May it please the court. As this court knows, we presented three arguments in our briefs. I'd like to focus on the second argument, which is that Mr. Pope's sentence commenced on August 31, 2009, when he was delivered to the Chicago MCC, a federal facility, without the use of a writ of habeas corpus ad prosequendum. The government disagrees with this position, and the government's main objection is that Mr. Pope was not designated. The BOP never designated Mr. Pope. According to the government, a sentence cannot commence, notwithstanding the existence of a federal statute that's 3585A, governing the commencement of a sentence. The government's position is that the sentence cannot commence until BOP designates the prisoner. Effectively, this would give the BOP total discretion over when a sentence commences, notwithstanding the existence of a federal statute. Essentially, the position is a sentence commences whenever BOP says it commences. Somebody could be in prison for 50 years, 100 years, federal prison under federal authorities, and if BOP never designates that person, that sentence has never commenced. That cannot be the law. Congress passed this statute. I'd assume the BOP never makes a mistake, right? Well, this case illustrates that mistakes happen. The Illinois authorities transferred Mr. Pope on August 31, 2009. According to the BOP's affiant, they did so on the mistaken assumption that primary custody begins with the sovereign that first sentenced the defendant. So that's your evidence, I take it, that there was actually an intent on the part of the Illinois authorities to relinquish custody to the BOP? Yes, Your Honor. Which seems to be an important question. Yes, Your Honor. And that is the only evidence on the question. It was provided by the government, by their own affiant. The district court accepted that explanation, and there's no other explanation in the record. And because the state's understanding was that federal custody is governed by the first sentencing sovereign, when they delivered Mr. Pope into federal custody, their intent was that he be placed in primary federal custody and that his federal sentence commence. So what if they had realized, you know, just a week later, that, oops, you know, we shouldn't have transferred Mr. Pope to the MCC because whoever it was who made that decision made a mistake. Would that week be credited to his federal custody in your view? Yes, Your Honor. I think it's important for there to be a bright line rule here. If we start to get into, you know, one week the sentence hasn't commenced, but if it's a year it has into that sort of gray area, I think that's a problem, particularly because when Mr. Pope was transferred on August 31, 2009, he didn't know whose custody he was in necessarily. And prisoners need to know which sovereign is holding them, whose custody they're in. It may affect the extent of disciplinary proceedings, you know, the kind of cases they can bring. But as a fundamental matter, they deserve to know who is holding them. So any rule that's based on some sort of ex post analysis of what happened is insufficient. There needs to be a bright line. I would submit that a bright line is when someone is transferred without a writ of habeas corpus ad prosequendum, then custody should be. Or some other appropriate writ. I mean, you must. Something else. A detainer, I would assume. You know, there are a few kinds of pieces of paper that will clarify the prisoner's status. But you don't want it to just be seat of the pants. Exactly. There needs to be some sort of documentation so that everybody knows what's going on and they can't just say a year or 10 years or 50 years after the fact, well, no, that's not actually what we meant. And look, we never bothered to designate him, so all of that is irrelevant. I mean, under the government's rule, you could literally shift a prisoner back and forth between the sovereigns every day. There would be no effect. You could shuttle them around the whole time. That's not fair to prisoners. They need to know. So if you were to succeed on this point, I'm kind of going back in my first statement, but would the consequence in your view be a reduction of Mr. Pope's period of supervised release by this number of days? I mean, we can't make him not be in prison at this point for that number of days. Yes, Your Honor. Under 3583, the court can reduce his supervised release. It can change the conditions of his supervised release. And if this court determined that two and a half years. The habeas court? The sentencing court, Your Honor. No, this is not the sentencing court. No, Your Honor. So what do we do with this proceeding? Do we dismiss this proceeding as moot and allow the sentencing court to take over? Your Honor, this case is not moot because there's a live case or controversy existing right now over whether Mr. Pope was over-incarcerated by two and a half years. Well, yes, but is there any remedy that this district court in this proceeding could give? The court can determine that he was over-incarcerated by two and a half years, as the Supreme Court recognized in United States v. Johnson. That will hold great weight in Mr. Pope seeking a reduction in his term of supervised release. So he essentially takes what amounts to a declaratory judgment back to the sentencing court? Is that what you imagine? I'm not sure I would say that. But the majority of circuits have agreed in the habeas context that where a petitioner challenges the length of his sentence in a habeas proceeding, that that is not moot so long as the petitioner is still on supervised release. And that rule makes sense. Mr. Pope filed this petition over three years ago. It's taken him over three years to get his day in court today. Well, with regard to the issues before us, though, it's moot. It belongs back with the sentencing court if you're going to get relief, right? Your Honor, this court held in United States v. Wilson that a habeas petitioner has a live case so long as the three-year term of supervised release has not expired. Well, I didn't say it wasn't live, but it's moot with regard to the parties. I mean, with regard to not the parties, with regard to the court that gave us this case. I disagree, Your Honor, respectfully. The government essentially acknowledges that there's a live case or controversy here over whether Mr. Pope was over-incarcerated. They would just have this entire case, which has taken over three years to make its way here, restart. But if you want a declaratory judgment, then you could take it to the sentencing court, right? Well, we've had a number of cases, White v. Indiana Parole Board, in which we've called parole a form of custody, a link between good time credits and release. We've had other unpublished decisions in which we've said supervised release satisfies the in-custody requirement for habeas corpus. And so really the bottom line is what's – I mean, it's an unsatisfactory answer to say, well, tough luck, you know, Mr. Pope. Even though you were over-incarcerated, the sentencing court can't do this because they're not the right habeas court, and the original court can't. Maybe what really has happened is that the respondent has changed, and we do substitute respondents regularly because what I believe the normal rule is is that the respondent in supervised release situations may be the attorney general, not the warden of the particular prison. But if it's the attorney general, then the attorney general can implement this directly through the BOP. Yes, Your Honor, I think that's one route this court could take. I think another route that the Ninth Circuit referred to in the Mujahid case cited in the 20HA letter is, given that the sentencing court here, the Northern District of Illinois, is within this court's jurisdiction, I see no reason that the court could not simply remand this case to that court. That would prevent the extreme wastefulness of having us start from square one three years later on these very same issues that have already been thoroughly litigated before this court, before the parties, using all kinds of time. If there are no further questions, I'll reserve the rest of the time. All right, that's fine. Thank you. Mr. Phillips. Good morning, Your Honors. May it please the Court. Sagan Phillips on behalf of the respondent. I'd like to start by talking about the issue that each one of you raised, which is whether or not this is redressable. In other words, whether or not this is moot. And I'd like to cite specifically to the Tenth Circuit decision in Rhodes, which says, and I quote, this court can no longer issue a judgment that has more than a speculative chance of affecting Rhodes' rights. We cannot modify his sentence now that it has been completed. And we are not allowed to. But his sentence hasn't been completed here. I mean, we need to intersect that concept with the fact that when somebody, as you well know, is on supervised release, that person could at any moment be returned to incarceration if they fail to show up for urine drops, if they fail to tell their probation officer that they've gone to Nebraska for their sister's wedding. In other words, things that are not felonies. I'm specifically focusing on the risk of losing supervised release. And so it's quite meaningful for defendants to have whatever it is, 234 days of supervised release, lopped off the sentence. The only question is, or it's 268 days, whatever it is. The only question is, what's the procedural mechanism? Does one rule on the habeas case, order the habeas court in the Central District to transfer further proceedings back to the Northern District so that the order can be properly implemented by the sentencing court? Transfers, of course, between federal district courts happen all the time. Or anything, if you have a solution that's anything but tough luck, I would like to hear it. Because if this man has been incarcerated for 268 too many days, tough luck is a very unsatisfactory answer, if he's still on supervised release, which he is. He just started. And I understand the equity issues here. No, I'm just wondering, does the government have an answer to the tough luck scenario? The answer to that is that what he needs to do is go to a court that can actually address this, which is the Northern District here, and he needs to address it in a very clear way. Well, can't you and the petitioner here come to some sort of resolution in this matter? Of course you could. Since you're the ones that caused the problem in the first place, not you, but the government. We're not speaking personally. So the government actually can't? My initial question is, do you believe that it can be resolved between the two of you without coming back to this court and arguing? I don't believe so in the sense that even if I wanted to reduce a term of supervised release, that is entirely the sentence in court's discretion. But if you had proposed an order where we suggested we send it back to the Northern District of Illinois and it would be returned to the sentencing judge, right? Is that right? Yeah. Return to the sentencing judge, that solves the problem, right? Well, that would be an entirely advisory and declaratory. It's not advisory. It's saying this man was in prison 268 days too long. That becomes law of the case if we were to say that, and the remedy would be to reduce by 268 days the amount of time he is, quote, in custody, recalling that supervised release counts as, quote, in custody. I don't see anything tough about that. I don't think that's correct in the sense that if you look at the Johnson case that he cites, the 2000 Supreme Court case, what that says is that supervised release and custody imprisonment, I should say, serve very different functions, and that merely being overstayed in your sentence is not sufficient on its own to reduce. It is one of the equities that a court should weigh on a 35- Well, it's a pretty strong equity, and I would say we have a lot of cases. Everybody understands that being behind bars isn't quite the same thing as being out with a probation officer, but our long line of supervised release cases indicates that they are both aspects of the sentence. When the government gets an appeal waiver, if it gets an appeal waiver only of the imprisonment part and not the supervised release part, you can file an appeal on the supervised release part. It's all part and parcel. A fine, the special assessment, the period of incarceration, and supervised release are all elements of a criminal sentence. I have no objection to that. And I'm just saying, if you can, I bet if you did a poll of the people who went across the street to the probation office and asked the people, would you rather have 268 days less of supervised release, much as they may love their probation officers, they may say, yes, I'd rather be out. I have no, I do not deny that. But I also don't deny the cases Your Honor pointed to earlier, which say when on a habeas, a sentence itself is being challenged, that that can be sent back to take over. But this is not that. This is not whether or not the original sentencing court, as part of that sentencing package, how it weighed those. This is literally BOP computation. It's because you screwed up and this has lasted so long that the government's answer, what I'm hearing from you, is tough luck. Yes, in this case. Now, I'll dispute that we screwed up, but I'll also point out that Spencer talks about what happens with regard to dilatory tactics or anything like that. And they don't change the fact that this, that has no impact on whether or not the case is moot itself. And I understand. Well, you'll have the opportunity to file, as I said. Both sides will have an opportunity to. My only suggestion is it sounds like we don't want to make, we want to say publicly that your prison screwed up, right? Well, I certainly don't want to. But I also don't believe that they did in this case. That's exactly my point. So you won't agree with them. So you're going to force us then to come down and rule against you, basically, to get to the same point. Yeah, well, I certainly hope not. And I'll point to a case. I understand the equities of this case because he was there for nine months, right? I understand that that looks bad. But anything this court says, as Your Honor pointed out, has to apply to much smaller and much narrower ranges. And let me point out just a very basic example. When there are natural disasters, a state prison may talk with a federal facility. But then there's the opportunity, which BOP, I think, also mishandled to do the nunk-pro-tunk designation. BOP acted as though the Stetzer case had never been decided. And that's a whole separate problem with this decision. So I recognize that. I'll point out real quick that the BOP decision came about before the Stetzer decision. But it doesn't mean that it's right under Stetzer. No, no, agreed. And the BOP apparently has not been reading Stetzer based on what we see from other circuits. Yeah, I'll point out also real quick that regardless of the mootness argument of the overstate sentence, I think, and I'll be surprised if their briefing is different on this point, but on that issue, on nunk-pro-tunk, it has to be because the remedy for a nunk-pro-tunk is to send it back to BOP to redo its designation, and it is never going to designate somebody nunk-pro-tunk who's released. So I think at the very least, however the Court feels about the mootness of the other question, the nunk-pro-tunk is, I think, undeniably moot because the remedy there would be to send it back to BOP for something it won't even consider. I think it probably should take some time to address the issue of being sent to BOP by the state. I didn't cite to it in my brief because it's a 2007 order, so it's slightly too old to cite to, but Mr. Pope did in a footnote cite to the Ray V. Bezzi case. In the Ray V. Bezzi case, what happened was Wisconsin messed up their calculation of the state sentence and sent Mr. Ray to BOP three years too early. He was in BOP for two months before Wisconsin said, oh, God, realize their mistake and brought him back. And what this Court said was that that mistake did not lengthen his sentence because the state gave him credit. That was a non-presidential disposition, however. Of course. There's a reason we make these things non-presidential. They are not fully argued as this is, and I would not myself regard us as bound by it. Absolutely. That's why I didn't cite to it. I don't make any suggestion it's binding. There is, in fact, no actual binding law that says is transfer without a writ automatically transferred. But you've probably visited prisons. These are huge institutions. Certainly in every state, they're enormous institutions. Without the proper paper trail showing who's in which institution under whose custody for what reason, chaos would reign. I mean, I remember walking into the records room of an Illinois maximum security prison once, and I was horrified. There were files all over the places of paper falling out of them. But I really think it matters to have that writ of habeas corpus ad prosequendum or whatever other, there's some other appropriate piece of paper. We need to give people legal certainty on these points. And this seat of the pants, oh, we didn't designate you, is not a very good substitute. So that's why probably there is no precedent, because 99.99% of the time this is done appropriately. Or they don't catch it. I mean, I'm not sure. That's certainly possible. I see that I'm out of time. No, you can finish your thought. Go ahead. I will say that on this case, I think that the designation question, though it's been attacked significantly, fits exactly within the statute. We are not saying that the government can never designate somebody, because if it never designated somebody, it would be in violation of 3621. It says government shall designate, so be able to bring a separate action. We're also not saying that the designation date is the date that sets the commencement. To be clear about this, our point is that if somebody is transferred into primary custody, then held in holdover status, say, transferred on the 1st, and then designated on the 31st, that designation is what triggers the commencement to be calculated from the 1st. And that 1st is then what you do. You figure out what's before that. The suggestion that we are arguing that we can hold out forever is simply wrong. We make no such suggestion. And the equities in this case and just the reality of prison transport suggests that this court should not hold that a transfer without a writ is automatically the beginning of a federal sentence. With the intent to relinquish. I mean, for me at least, it would not just be a transfer without a writ. With the intent to relinquish primary authority to a different jurisdiction, which we have. So we have very limited understanding why. We have a BOP guess as to why. And separately, we have a declaration or an email from the state that said, hey, we still considered this guy in our custody. That was at the petitioner's appendix at 254. And so, I mean, the answer may be, okay, maybe we need more fact-finding about what that is. But that, to me, highlights the mootness issue. We're going to send it back to central district for more fact-finding on something that the sentencing court might not even care about. That was my question. He was sentenced in which district? He was sentenced in the northern district and we're in the central district. And the northern district, while it is a heavy equity, if you look at 3583, that's not, there's no part of 3583 that says adjust for overstate. It is an equity situation where 3583E1 does say if he's complied with everything and deserves it by his conduct and the equities demand. So we're reading a lot, a lot into that last sentence. Well, I was thinking it was the same district but different judges, but this is two different districts. That's correct, Your Honor, different districts. All right. Thank you very much, Mr. Phillips. Thank you. Mr. Lichtenberg. A few points in rebuttal, Your Honor. First, on the designation point, the notion that when someone is transferred retroactively that can be declared the commencement of the sentence if someone is designated later. That's going to put a tremendous amount of uncertainty into this process. A prisoner who is transferred is not going to know whether they have actually commenced their federal sentence until at some point BOP designates them or decides not to ever designate them. The point about page 254 of the appendix where Illinois purportedly said Mr. Pope was in federal custody, it's clear that the determination there was that he was credited with that time against his Illinois sentence. No, credit with the time is different from custody for a concurrent sentence. Exactly, and that was the basis for the determination that he was in custody. From Illinois' perspective, he's going to get credit for all this time because the sentences are running concurrently, so that provides no indication that they didn't consider it a transfer to primary federal custody. Things like natural disasters and medical emergencies, we wouldn't necessarily oppose some sort of exception to the requirement that there be a writ in those situations. This is not that case. So certainly there could be narrow exceptions in those instances. I see my time has expired if there are no further questions. I see none.  Yes, Your Honor. Thank you very much for your service to the court and to your client, and thanks as well to the government. We will take the case under advisement.